UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. JORGE SANCHEZ-VELAZQUEZ, Defendant. | Case No.: 17cr1480-CAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 3624(c)(2) AND AMENDMENTS SET OUT IN THE FIRST STEP ACT [Doc. No. 70]** |
|---|---|

On February 21, 2018, this Court sentenced Jorge Sanchez-Velasquez ("Defendant") to 41 months in custody and three years of supervised release. [Doc. No. 61.] On November 6, 2019, Defendant filed a motion for reduction of sentence pursuant to §3624(c)(2) and amendments set out in the "First Step Act." [Doc. No. 70.] On November 7, 2019, the United States filed a response. [Doc. No. 71.] For the reasons set forth below, the motion for reduction of sentence is **DENIED**.

DISCUSSION

Defendant generally cites the First Step Act as warranting a reduction in his sentence. But Defendant has already obtained relief from the mandatory minimum via safety valve [*see* Doc. No. 57 at 2; Doc. No. 58 at 2], so the amendments at Section 402 of the First Step Act do not apply to him (even assuming this provision was retroactive).

Defendant also does not cite "extraordinary and compelling reasons" to warrant a compassionate release reduction under Section 603(b) of the First Step Act, as Defendant has not provided any evidence that he requested the BOP or the warden of his facility to file a compassionate release motion. *See* 18 U.S.C. § 3582(c)(1)(A). Additionally, none of the compassionate release factors apply to Defendant. *See commentary,* USSG § 1B1.13. Defendant only states that he is eligible for home detention as of December 6, 2019. He lists no other factors.

Defendant also cites 18 U.S.C. § 3582(c)(2) as a basis to warrant his reduction. That provision states, "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable . . . ." 18 U.S.C. § 3582(c)(2). However, Defendant's sentencing range has not been lowered by the Sentencing Commission. The guideline range remains the same now as it did 18 months ago when Defendant was sentenced. Therefore, Section 3582(c)(2) is not a valid basis to reduce Defendant's sentence.

Finally, Defendant cites § 3624(c)(2) as a basis for a reduction. The First Step Act authorizes the Bureau of Prisons to "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). This is a discretionary BOP determination—not one made by the Court. The First Step Act does not set out a review process by the Court for home confinement determinations. Moreover, this Defendant is a Mexican citizen who previously only held a border crossing card. He currently has an ICE detainer. Defendant will be sent to ICE custody following his sentence; he cannot be released to the community. Therefore § 3624(c)(2) is not a basis for reduction.

/ / / / /

/ / / / /

2

17cr1480-CAB

## CONCLUSION

For the reasons set forth above, the motion to reduce sentence pursuant to §3624(c)(2) and amendments set out in the First Step Act is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 8, 2019

Hon. Cathy Ann Bencivengo
United States District Judge